UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

ANGELO V. MILINI, JR.,  :
: CASE NO. 5:10-CV-886
Petitioner, :
:
v. : OPINION & ORDER
: [Resolving Doc. Nos. 1, 3, 4.]
KEITH SMITH, *Warden*, :
:
Respondent. :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Angelo Milini petitions for a writ of habeas corpus under 28 U.S.C. § 2254. [Doc. 1.] Petitioner Milini seeks relief from an eighteen year sentence following his July 2008 convictions on charges of rape with repeat offender specification, kidnaping, burglary, domestic violence, and disrupting public services. [Doc. 1.] Petitioner Milini raises three grounds for relief: (1) denial of due process and a fair trial when the trial court denied his motion to acquit based on insufficient evidence; (2) ineffective assistance of trial counsel for introducing his prior criminal conviction for domestic violence, failing to adequately cross-examine key witnesses, and failing to get other-acts evidence excluded; and (3) denial of due process when trial court did not allow evidence that the alleged victim had falsified reports of domestic violence against him. [Doc. 1.]

On July 22, 2010, the Court referred this matter to Magistrate Judge Vernelis K. Armstrong under Local Rule 72.2. [Doc. 9.] On January 28, 2011, Magistrate Judge Armstrong issued a Report and Recommendation recommending that the Court deny Milini's petition. [Doc. 15.] As to

Case No. 5:10-CV-886
Gwin, J.

Milini's first ground for relief, Magistrate Judge Armstrong found that the record evidence reasonably supported a finding of guilt beyond a reasonable doubt and thus the Ohio trial court decision was not an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979). Considering Milini's second ground for relief, Magistrate Judge Armstrong determined that all Milini's ineffective assistance arguments either are procedurally defaulted on failure-to-exhaust grounds or are without merit under *Strickland v. Washington*, 466 U.S. 668 (1984). Finally, as to Milini's third ground for relief, Milini conceded that his due process claim involving the state court's refusal to introduce evidence that the victim had falsified a police report was procedurally defaulted and the Magistrate Judge denied this claim as well. After making these findings, the Magistrate Judge then recommended that the Court need not hold an evidentiary hearing and that the Court decline to appoint counsel to represent the Petitioner.

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C).  Parties must file any objections to a Report and Recommendation within fourteen days of service. *Id.*  Failure to object within this time waives a party's right to appeal the magistrate judge's recommendation. Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Absent objection, a district court may adopt the magistrate judge's report without review. *See Thomas*, 474 U.S. at 149.

In this case, neither party has objected to the Magistrate Judge's recommendations. Objections were due February 11, 2011. Moreover, having conducted its own review of the record and the parties' briefs, the Court agrees with the conclusions of Magistrate Judge Armstrong.

Accordingly, the Court **ADOPTS** in whole Magistrate Judge Armstrong's Report and

Case No. 5:10-CV-886
Gwin, J.

Recommendation and incorporates it fully herein by reference, and **DENIES** Milini's habeas petition, motion for an evidentiary hearing, and motion to appoint counsel.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.


Dated: February 22, 2011                              s/      *James S. Gwin*
                                                                  JAMES S. GWIN
                                                                  UNITED STATES DISTRICT JUDGE